IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGH KELLY and CHRISTINE KELLY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>Defendant. | Civil Action No. 2:20-cv-03698<br><br>[Removed from the Pennsylvania Court of Common Pleas of Philadelphia County, Case No. 2006047069] |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1453, and 1711-1715, Defendant Santander Consumer USA Inc. ("SC") hereby removes this case from the Pennsylvania Court of Common Pleas of Philadelphia County (the "State Court") to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

(1) ***CAFA Jurisdiction***: This Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715 because minimum diversity exists, the amount of controversy exceeds $5 million, and the number of members of the proposed putative class in the aggregate is at least 100 class members.

In support of this Notice of Removal, SC states as follows:

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1. On or about May 13, 2020, Plaintiffs Hugh Kelly and Christine Kelly ("Plaintiffs"), along with Carl Spivey, Troy Orr, Kimberly Johnston, Wesley Montgomery, William Howells, and Louise Howells filed a Class Action Complaint in Case No. 200500821, *Carl Spivey, et al. v. Santander Consumer USA Inc.*, in the Pennsylvania Court of Common Pleas for Philadelphia

1

County (the "Prior Action"). A copy of the Class Action Complaint in the Prior Action is attached hereto as **Exhibit 1.**

2. On June 12, 2020, SC timely filed its Notice of Removal, removing the Prior Action to the United States District Court for the Eastern District of Pennsylvania. A copy of SC's Notice of Removal in the Prior Action is attached hereto as **Exhibit 2.**

3. On June 29, 2020, Plaintiffs Hugh Kelly and Christine Kelly, together with Carl Spivey, Troy Orr, Kimberly Johnston, Wesley Montgomery, William Howells, and Louise Howells filed their Notice of Voluntary Dismissal Without Prejudice, dismissing their claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). A copy of the Notice of Voluntary Dismissal is attached hereto as **Exhibit 3.**

4. The following day, on June 30, 2020, Plaintiffs Hugh Kelly and Christine Kelly filed another Class Action Complaint in this case, No. 2006047069, *Hugh Kelly, et al. v. Santander Consumer USA Inc.*, in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court Action"). A true and correct copy of the Class Action Complaint, along with copies of the process, pleadings, and orders served upon SC in the State Court Action are attached hereto as **Exhibit 4.**

5. SC was served with the Complaint in the State Court Action on July 1, 2020.

6. Plaintiffs are residents of Cranberry Township, Pennsylvania. Compl. ¶ 2.

7. SC is an Illinois corporation headquartered in Dallas, Texas.

8. Plaintiffs assert claims against SC for violations of the Uniform Commercial Code ("UCC") and Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"). *See* Compl. ¶¶ 1, 42-62.

9. Plaintiffs and Class Members "seek the minimum statutory damages pursuant to 13 Pa.C.S. § 9625(c)(2)." Compl. ¶¶ 9, 65.

10. Plaintiffs seek to represent a putative class of "[a]ll Debtors, Obligors, and Co-Obligors: (a) who entered into a retail installment sales contract, in Pennsylvania, for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use; and

(b) from whom Santander, as secured party, repossessed the vehicle or ordered it to be repossessed; and (c) whose Motor Vehicle was repossessed in Pennsylvania; and, (d) who were caused to be sent a Notice of Repossession by Santander which listed an amount (other than $0) for "Storage expenses incurred through the date of this Notice," or, (e) who were sent a notice with an identification of "PA-NOI-420," "PA-NOI-450,"or "PA-NOI-420_2799_050713." Compl. ¶ 67.

11. Plaintiffs allege the class period is "May 14, 2014 through the date of class certification." Compl. ¶ 68.

12. Plaintiffs allege that "there are at least 39 members of this (putative) class." Compl. ¶ 71.

## II. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

13. Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under the Class Action Fairness Act ("CAFA"). Under CAFA, this Court has jurisdiction over class actions where: (1) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

14. As required by 28 U.S.C. § 1441, SC seeks to remove this case to the United States District Court for the Eastern District of Pennsylvania, which is the District Court embracing the place where the State Court Action has been filed.

### A. Minimal Diversity Exists

15. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2).

16. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1). SC is an Illinois corporation with its principal place of business in Texas. *See* **Exhibit 5**, Declaration of Randy Bockenstedt ("SC Decl."), ¶ 3.

17. Plaintiffs are citizens of Pennsylvania. Compl. ¶ 2. Diversity therefore exists between the parties under CAFA.

### B. The Putative Class Consists of More Than 100 Members.

18. In the Prior Action, Plaintiffs alleged that the class consisted of "at least thousands of members." *See* **Exhibit 1**, at ¶ 70. Although the class definition in the Prior Action is materially the same (or narrower[1]) than the class definition in this action, Plaintiffs now assert that "Plaintiffs believe that there are at least 39 members of this (putative) class." Compl. ¶ 71.

19. Based on SC's preliminary investigation of the putative class, as alleged, there are in excess of 1,000 SC accounts that fit the criteria. *See* SC Decl. at ¶ 6. The aggregate membership of the proposed class is therefore at least 100 as required under CAFA.

---

[1] The Complaint in the Prior Action defined the putative class as "[a]ll Debtors, Obligors, and co-obligors: (a) who entered into a retail installment sales contract, in Pennsylvania, for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use; and (b) from whom Santander, as secured party, repossessed the vehicle or ordered it to be repossessed; and (c) whose Motor Vehicle was repossessed in Pennsylvania; and, (d) who were caused to be sent a Notice of Repossession by Santander which listed an amount (other than $0) for "Storage expenses incurred through the date of this Notice," and, (e) within the period beginning six years prior to the filing of this Complaint through the date of class certification." Exhibit 1, at ¶ 69. Plaintiffs, in fact, expanded the class definition in this action with the only material difference from the Prior Action—the addition of the language "*or,* who were sent a notice with an identification of PA-NOI-420," "PA-NOI-450,"or "PA-NOI-420_2799_050713." Compl. ¶ 67 (emphasis added). Plaintiffs also allege substantially the same class period as the Prior Action (six years prior to the filing of the Complaint on May 14, 2020. *Compare* Compl. ¶ 68, *and,* Exhibit 1, at ¶ 69(e).

### C. As Alleged, the Aggregate Amount in Controversy Exceeds $5 Million

20. To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

21. Here, Plaintiffs do not allege a specific amount in controversy. Thus, the Court may consider the Notice of Removal and other relevant documents concerning the amount in controversy. *See The Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 322-23 (E.D. Pa. 2001) (in assessing amount in controversy, "the court must first look to the complaint . . . [and] may also look to the Notice of Removal, stipulations . . . affidavits, and other documentation that is relevant to the value of the claims at issue"); *see also Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009). "Because the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, a defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court." *Lorah v. SunTrust Mortg., Inc.*, No. CIV.A. 08-703, 2009 WL 413113, at *5 (E.D. Pa. Feb. 18, 2009), as corrected (Feb. 19, 2009) (citations omitted).

22. Under CAFA, the claims of individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

23. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 (stating that "if a

federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case. . . . Overall, new section 1332(d) is intended to ***expand substantially federal court jurisdiction over class actions***.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant") (emphasis added).

24. "[F]ederal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount." *Kaufman*, 561 F.3d at 151 (citing *Frederico v. Home Depot,* 507 F.3d 188, 194 (3d Cir. 2007)).

25. Here, Plaintiffs and Class Members "seek the minimum statutory damages pursuant to 13 Pa.C.S. § 9625(c)(2)." Compl. ¶¶ 9, 65.

26. While SC denies any liability as to Plaintiffs' claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interests and costs, exceeds the sum of $5,000,000.[2]  Defendant's establishment of the amount in controversy, as set forth below, is based on assumptions for purposes of removal only as to the amounts that Plaintiffs claim to be able recover if they prevailed on their claims.

### i. Statutory Damages Pursuant to 13 P.C.S.A. § 9625(c)(2)

27. Based on SC's preliminary investigation, the minimum statutory damages that Plaintiffs seek under 13 P.C.S.A. § 9625(c)(2) for 1,000 members of the putative class, as alleged, are in excess of **$13,226,034**.  SC Decl. at ¶¶ 7-9.  Based on SC's preliminary investigation of the putative class, the class as alleged includes in excess of 1,000 accounts.  *Id.* at ¶ 6.

28. Pennsylvania Statute Section 9625(c)(2) provides, in pertinent part: "a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this chapter may recover for the failure in any event an amount not less than the credit service charge plus 10%

---

[2] SC does not concede and reserves the right to challenge Plaintiffs' theory of liability and damages.

6

of the principal amount of the obligation or the time price differential plus 10% of the cash price." 13 Pa. Stat. and Cons. Stat. Ann. § 9625(c)(2).

29. Based on SC's preliminary investigation, the total amount of credit service charges for 1,000 SC accounts in the putative class, as alleged, is $11,313,101.85. *See* SC Decl., ¶ 7. Further, based on SC's preliminary investigation, ten percent (10%) of the principal amount of the obligations of the same set of 1,000 SC accounts in the putative class, as alleged, is $1,912.932.77.

30. Accordingly, added together ($11,313,101.85 in credit service charges plus $1,912.932.77 in the statutory percentage of the principal amount owed), the minimum statutory damages provided by Section 9625(c)(2) are in excess of $13,226,034.62.

31. Thus, in terms of minimum statutory damages alone, the amount-in-controversy far exceeds the jurisdictional threshold under CAFA.

### ii. Bar to Collecting Deficiency Under the Pennsylvania UCC

32. Additionally, under the Pennsylvania UCC, penalties for failure of a secured party to make a commercially reasonable disposition of collateral, as Plaintiffs allege in the Complaint, may serve as a bar to a deficiency judgment. *See e.g., Gen. Elec. Capital Corp. v. Flynn,* No. CIV. A. 91-7666, 1993 WL 232292, at *6 (E.D. Pa. June 23, 1993); *Chrysler Credit Corp. v. B.J.M., Jr., Inc.*, 834 F. Supp. 813, 837 (E.D. Pa. 1993).

33. The total amount of deficiency balances for the same 1,000 account sample discussed above is $4,662,608.03. SC Decl., ¶ 9. As such, the amount in controversy for a sampling of 1,000 accounts held by the putative class as alleged exceeds the jurisdictional threshold required under CAFA.

### iii. Damages Available Under 13 P.C.S.A. § 9625

34. Although a sampling of 1,000 accounts held by the putative class makes clear that the amount in controversy is met, section 9625 of the UCC, titled "Remedies for secured party's failure to comply with division," also provides additional remedies available for violations of the statute. These remedies include actual damages and judicial orders restraining collection, enforcement or disposition of collateral. *See* 13 P.C.S.A. § 9625(a)-(b).

35. Plaintiffs' Complaint alleges UCC and MVSFA violations, including without limitation, 13 Pa.C.S.A. § 9611, § 9614, and § 6254. Compl. ¶¶ 51-62.

36. The additional remedies available under Section 9625 further establishes that the amount in controversy under CAFA is met.[3]

### iv.    Attorney's Fees

37. Attorney's fees must also be considered when calculating the amount in controversy. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (citing *Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir.1997) (holding that attorney's fees could be as much as thirty percent of the judgment); *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005) (noting study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period); *In re General Motors Corp. Pick Up Truck Fuel Tank Products Liab. Litig*., 55 F.3d 768, 822 (3d Cir. 1995) (noting attorney fee awards ranging from nineteen percent to forty-five percent); *Lorah v. SunTrust Mortg*., Inc., No. CIV.A. 08-703, 2009 WL 413113, at *6 (E.D. Pa. Feb. 18, 2009), *as corrected* (Feb. 19, 2009).[4]

38. In this Circuit, courts accept thirty-percent (30%) of a potential judgment as an acceptable estimate of attorney's fees to be included in the amount-in-controversy analysis under CAFA. *See, e.g., Frederico,* 507 F.3d at 199. Here, thirty percent of the minimum statutory damages alone, for 1000 putative class members, exclusive of interest and costs, would amount to $3,967,810.38. ($13,226,034.62 minimum statutory damages x 30%). Thus, the total amount in

---

[3] These other remedies are available under this section of the Pa. UCC. While Plaintiffs purport to disclaim these remedies on behalf of not only themselves but the putative class, SC does not agree that Plaintiffs have the authority to disclaim remedies for putative class members, and, therefore, contends that these forms of damages are appropriately considered in the amount-in-controversy analysis.

[4] SC does not concede and expressly denies that Plaintiffs can recover attorney's fees in this case. However, to the extent that attorney's fees are relief that Plaintiffs seek in this action, they are appropriately included in the amount-in-controversy analysis.

controversy together with attorney's fees more than satisfies the $5 million jurisdictional threshold under CAFA.

D. **Alternatively, the Named Plaintiffs' Damages Separately Confirm that the Amount in Controversy is Met**

39. Although it is clear from a sampling of 1,000 accounts held by the putative class that the amount in controversy is well above the jurisdictional requirement under CAFA, Plaintiffs' statutory damages further confirm the amount in controversy is met to a legal certainty.

40. Courts allow confirmation of the amount in controversy by taking damages sought by the named plaintiff and multiplying by the number of putative class members. *See e.g., Frederico,* 507 F.3d at 199 (plaintiff's damages multiplied by potential class members alleged satisfied statutory minimum); *Clean Air Council v. Dragon Int'l Grp., No.* CIV. 1:CV-06-0430, 2006 WL 2136246, at *4 (M.D. Pa. July 28, 2006) (CAFA amount in controversy met by multiplying potential class members by potential damages); *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) (threshold met based on the damages alleged in plaintiffs' petition multiplied by the alleged number of class members potentially harmed); *Carter v. Westlex Corp.,* 643 F. App'x 371, 375 (5th Cir. 2016) (same)*; Faltaous v. Johnson & Johnson,* No. CIV.A. 07-1572JLL, 2007 WL 3256833, at *11 (D.N.J. Nov. 5, 2007) (same).

41. The minimum statutory damages under 13 Pa.C.S. §9625(c) is "an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price."

42. The Retail Installment Sales Contract ("RISC") of Plaintiffs Hugh Kelly and Christine Kelly provides that the finance charge for the purchase of the vehicle was $5,586.69 and the principal amount financed was $8,938.11. *See* SC Decl., ¶ 10 at Exhibit A. Plaintiffs Hugh and Christine Kelly seek to recover **$6,480.49** in minimum statutory damages ($5,586.69 credit service charge + $893.80 (10% of the principal obligation)).

43. Taking Plaintiffs Hugh and Christine Kelly's potential minimum statutory damages, and multiplying that number with 1,000 putative class members that fit the criteria as

9

alleged in the Complaint, the amount of minimum statutory damages *alone* would conservatively total **$6,480,490**. Even this conservative calculation of minimum statutory damages across the putative class, confirms the $5 million amount in controversy is met to a legal certainty.

44. Accordingly, the minimum statutory damages under 13 Pa.C.S. §9625, together with potential bars to recover the deficiency balances under the UCC, injunctive relief, and attorney's fees establish that the $5 million amount in controversy jurisdictional requirement under CAFA is met.

E. **Plaintiffs Cannot Limit Damages Nor Disclaim Article III Standing of Absent Class Members**

45. Plaintiffs' Complaint impermissibly purports to both limit the damages and disclaim Article III standing of absent class members by alleging, without limitation, the following:

**JURISDICTION LIMITED TO STATE COURT**

**Plaintiffs crafted complaint to avoid Federal Jurisdiction, deliberately failing to plead facts sufficient to meet the requirements set forth in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016); *Aschcroft v. Iqbal,* 556 US 662, 129 S. Ct. 1937 (2009); and F.R.C.P. Rule 8** […]

"Plaintiffs explicitly and intentionally *limit* their relief to statutory minimum damages pursuant to 13 Pa.C.S. § 9625(c)(2) . . . Plaintiffs are not alleging that they or any of the putative class members suffered any actual, particularized, concrete injury-in-fact or material risk of harm to confer Federal jurisdiction . . . Plaintiffs and all (putative) class members are not making any claim for a loss or seeking actual damages pursuant to 13 Pa.C.S. § 9625(c)(1) or any other relief pursuant to § 9625(a) . . . This complaint does not, and is not intended to, include any allegations or inferences that any Representative Plaintiff or (putative) class member paid any Redemption Fee, Personal Property Fee, or Storage Fee, or suffered any actual injury-in-fact or material risk of harm"

Exhibit 4, at 3-4, ¶¶ 9-15 (emphasis in original).

46. Plaintiffs' attempt to avoid federal jurisdiction by disavowing the claims of the putative class must fail. Plaintiffs cannot limit damages of absent class members to avoid federal jurisdiction. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) (plaintiff could "not

10

reduce[] the value of the putative class members' claims" because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified").

47. Moreover, this Court has found that it is possible for violations of the UCC and MVFSA to satisfy Article III standing requirements for federal subject matter jurisdiction. *See Langer v. Capital One Auto Fin.,* No. CV 16-6130, 2019 WL 296620, at *5 (E.D. Pa. Jan. 23, 2019) (plaintiffs had Article III standing for allegations of UCC and MVSFA violations because they "alleged a particularized and concrete injury, that is, the repossession of their vehicles in a manner contrary to Pennsylvania law").

**F. Defendant is Not a State or State Official**

48. Defendant SC is not a state nor a state official.

**III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

49. This action has not previously been removed to federal court.

50. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such Notices "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

51. SC filed this Notice of Removal within 30 days of July 1, 2020, the date on which SC was served with the Class Action Complaint. The Class Action Complaint was the first pleading from which it could be ascertained "that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Accordingly, this action is being removed within 30 days of the first date after the receipt by SC of service of any paper giving it notice that the action was removable.

52. A copy of this Notice of Removal is being filed with the State Court and served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

53. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon SC in the State Court Action are attached hereto as **Exhibit 4**.

54. Removal to this Court is appropriate. Pursuant to 28 U.S.C. §1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

55. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by SC of any fact, of any validity or merits of any of Plaintiffs' claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of SC's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. SC expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, SC hereby removes the above-captioned action now pending in State Court to the United States District Court for the Eastern District of Pennsylvania.

Dated: July 30, 2020				Respectfully submitted,

						**MCGUIREWOODS LLP**

						/s/ *K. Issac deVyver*
						K. Issac deVyver (Pa. Id. 202655)
						Benjamin J. Sitter (Pa. Id. 317382)
						Joy D. Llaguno (Pa. Id. 327120)
						MCGUIREWOODS LLP
						Tower Two-Sixty
						260 Forbes Avenue, Suite 1800
						Pittsburgh, PA 15222
						Telephone: (412) 667-6057
						Facsimile: (412)402-4187
						Email: kdevyver@mcguirewoods.com
						Email: bsitter@mcguirewoods.com
						Email: jllaguno@mcguirewoods.com

						*Attorneys for Defendant*
						*Santander Consumer USA Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 30, 2020, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Richard Shenkan
Shenkan Injury Lawyers, LLC
6550 Lakeshore St.
West Bloomfield, MI 48323

/s/ K. Issac deVyver
K. Issac deVyver

*Attorney for Defendant*
*Santander Consumer USA Inc.*