IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGH and CHRISTINE KELLY, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>  v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>                  Defendant. | Civil Action No. 2:20-cv-03698-MMB |

**FINAL APPROVAL ORDER**

The matter coming before the Court on the request for final approval of the class action settlement by Plaintiffs Hugh and Christine Kelly ("Plaintiffs"), and defendant Santander Consumer USA Inc. ("SC") (collectively the "Parties"), due notice given, the Parties appearing through counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED:**

1. **Definitions.** This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the Parties, the Class, and the claims asserted in this Action.

3. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, in light of the factual, legal, practical and procedural considerations raised by

this case, with the Settlement Class defined as set forth in Paragraph 1.52 of the Settlement Agreement.

Having considered the Parties' briefing and hearings before the Court, the Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that, in the settlement context: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with those of the Class Members, and they have retained experienced counsel to represent them and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of the Plaintiffs Hugh Kelly and Christine Kelly as Class Representatives for the Class and the counsel of record representing the Class Representatives in the Action as Class Counsel.

6. **Approval of Class Notice and CAFA Notice.** Upon the Affidavit of Dorothy Sue Merryman of Class-Settlement.com, the Settlement Administrator, the Court finds that the form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements

of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution. The Settlement Administrator has served the CAFA Notice of Proposed Settlement and SC has complied in all respects with its obligations under 28 U.S.C. § 1715.

7. **Opt-Outs and Objections.** The Settlement Administrator received four requests to opt-out of the settlement, and no objections to the settlement. Two of the Class Members who opted-out have subsequently withdrawn their opt-out requests, leaving only two opt-out accounts. Because those two accounts have co-borrowers, there are four individuals who are deemed opt-outs. Those accounts have been identified by the parties with unique identifiers as 1956776 and 2527329. The Court approves these opt-out requests and those four persons shall not be bound in any way by this settlement. Class Counsel shall identify the opt-outs by name, last known address, and Santander account number in a document to be filed under seal immediately after the Effective Date.

8. **Deficiency Balance Compromises.** The Court hereby finds that the Settlement Agreement and the Parties' negotiations thereto are the result of good faith, arm's-length negotiations, that a good faith dispute exists as to the validity of the Deficiency Balances arising from the Settlement Class Members' retail installment sales contracts, which are being compromised and resolved by monetary and other consideration paid by Santander Consumer USA Inc. under the Settlement Agreement, as consideration, in exchange for the full settlement of any and all claims as set forth on the Settlement Agreement. Within seven (7) days of the Effective Date, as a result of the court-approved accord and satisfaction, SC's accounting records shall reflect a $0 balance on all Settlement Class Members' accounts which would otherwise reflect an amount due and owing.

9. **Request to Credit Reporting Agencies.** No later than sixty (60) days after the Effective Date, SC shall submit a request to the Experian, TransUnion, and Equifax (collectively "Credit Reporting Agencies") for the deletion of the entire tradelines associated with all Settlement Class Members' Accounts, to the extent SC submitted any tradeline information to the Credit Reporting Agencies. After the Effective Date, SC shall not request that any of the Credit Reporting Agencies reinstate any Class Member's tradeline that it has agreed to request be deleted. The Settlement Administrator shall send a letter approved by all parties to all Settlement Class Members stating that they are encouraged to review their credit reports and if their credit tradeline for their SC Account is not removed from their credit report within one hundred and twenty (120) days after the Effective Date, they should contact Class Counsel, the Settlement Administrator, or SC to request its deletion. Such resubmission requests should include the Settlement Class Member's named, the account number, or if unknown, other identifying information such as their Social Security Number, and a reasonable basis for the request *(e.g.,* that the Settlement Class Member looked up their credit report 120 days or more after the Effective Date and the tradeline still appears on the report). Upon SC's receipt of any such request by a Class Member, Class Counsel, SC shall re-submit a deletion request for that Settlement Class Member within thirty (30) days. SC shall submit up to two (2) requests for the deletion of a Settlement Class Member's tradeline. Upon completion of the Second Request, SC shall have no further obligations under Section 4.5.1. of the Settlement Agreement, and no cause of action can or will be stated, including any for breach of this Agreement against SC, in the event any credit reporting agency fails to so amend Class Member's credit history.

10. **Findings of the Court.** After notice and hearing, this Court finds that the Settlement should be finally approved, having considered the relevant factors: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the

stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975).

Further supporting approval of settlement are the permissive factors: (1) the maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages; (2) the existence and probable outcome of claims by other classes and subclasses; (3) the comparison between the results achieved by the settlement for individual class or subclass members and the results achieved-or likely to be achieved-for other claimants; (4) whether class or subclass members are accorded the right to opt out of the settlement; (5) whether any provisions for attorneys' fees are reasonable; (6) and whether the procedure for processing individual claims under the settlement is fair and reasonable. *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions,* 148 F.3d 283,323 (3d Cir. 1998).

Accordingly, the Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Settlement Class Members. Each Settlement Class Member (including any person or entity claiming by or through him or her) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement, if applicable to them.

11. **Settlement Fund and Distribution.** A Qualified Settlement Fund has been created at the direction of this Court, pursuant to IRS Rule 468B, consisting of the Defendant's sole deposit

of the $14,000,000 Settlement Amount. The Qualified Settlement Fund shall be used to pay Settlement Class Members, the costs of settlement administration, Attorneys' Fees and Expenses, and Incentive Payments, as set forth herein and in the Settlement Agreement. All unclaimed and excess monies in the Qualified Settlement Fund shall be distributed to *Cy Pres* recipient(s) the Pennsylvania Bar Foundation Pro Bono Fund and the National Foundation for Credit Counseling pursuant to the timetable set out in paragraph 6.4 of the Settlement Agreement. SC has made the required payment to the Qualified Settlement Fund, and SC shall have no responsibility, financial obligation or liability with respect to the Qualified Settlement Fund, the notice process, the distributions to Settlement Class Members, the request and award of Attorneys' Fees and Expenses, or any other aspect of implementing the Settlement Agreement. Subject to further order of Court, the Settlement Administrator shall continue to be Ralph Potente and Cyberdata, Inc. d/b/a Class-Settlement.com who shall continue to serve collectively as the trustee-fiduciary of these settlement funds. The Court approves the payment of funds for the administration of the Qualified Settlement Fund as set forth in the quotation submitted by Class-Settlement.com, as attached to Plaintiffs' Application for Attorney Fees. The Settlement Administrator shall not profit from the settlement fund except as provided for in its quotation, as attached to Plaintiffs Application for Attorney Fees. In the event that additional expenditures are necessary to be allocated for the efficient administration of this matter, Class Counsel shall make application to the Court.

12.     **Class Counsel and Attorneys' Fees and Expenses.** For the reasons stated, the Court finds that Class Counsel have adequately represented the Class in this matter. The Court has conducted a lodestar cross check and approves Class Counsel's attorneys' fees in the total amount of $4.2 Million plus reimbursement of Class Counsel's expenses incurred in the amount of $33,076.55. Those amounts shall be paid from the Settlement Fund as directed by the Settlement Agreement. Class Counsel may make subsequent requests for additional reimbursement of costs from the Settlement Fund.

13. **Incentive Awards and Payments.** The Court finds that the Class Representatives have adequately represented the Class in this matter. The Court approves Incentive Awards of $10,000 each for Class Representatives Hugh Kelly and Christine Kelly. This amount shall be paid from the Settlement Fund as directed by the Settlement Agreement.

14. **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Class Claims, Released SC Claims, Class Releasors, Class Releasees, SC Releasees and Unknown Claims. The Class Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Class Claims and Unknown Claims against the SC Releasees, and SC shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released SC Claims against the Class Releasees.

15. **Res Judicata/Collateral Estoppel.** The terms of the Settlement Agreement and of this Order shall be forever binding on the Class Releasors and SC, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve the Released Class Claims or Released SC Claims.

16. **Termination of Settlement.** If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement, this Order, or the Judgment do not for any reason become effective, or (c) the Settlement Agreement, this order, or the Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the Settlement does not become Final in

accordance with the terms of the Settlement Agreement, this order and the Judgment shall be void and be deemed vacated.

17. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, the Court hereby specifically retains exclusive jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order entered in this Action.

18. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

20. **Action Closed.** All claims against the Defendant are hereby dismissed with prejudice. This case shall remain open for administrative matters only.

IT IS SO ORDERED.

BY THE COURT:

Dated: 12/15/2023

/s/ Michael M. Baylson
HON. MICHAEL M. BAYLSON, U.S.D.J.